(No. 3025—

ELVA JENNINGS PENWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1942.*

JOHN W. PREIHS, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

ECKERT, J.

On February 2, 1936, while employed as a Supervisor at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois, a charitable institution operated, controlled, and managed by the State of Illinois, claimant was injured in an accident arising out of and in the course of her employment. The injury was a serious one which caused temporary blindness and general paralysis. Constant medical care has resulted in a return of claimant's vision and a reduction of the paralysis. She remains, however, totally paralyzed from the waist downward, the paralysis being of a spastic type. She has no control over her lower limbs nor over urine and faeces.

Because of constant confinement to bed, claimant suffers bed sores which require frequent dressings.

On January 13, 1941, an award was made to the claimant by this court, and claimant has been paid the various sums awarded to her at that time. Claimant, however, has not been paid for certain medical and hospitalization expenses which had not then accrued, and now files her claim herein for such services from October 22, 1940, to January 1, 1942, in the total sum of $1,129.82.

During the period in question, claimant has been helpless and has required medical and nursing services. She expended on account of medical services $448.70, for nursing services $556.58, and for medicines and necessary medical supplies $124.54, totalling the sum of $1,129.82. Claimant has submitted to the court with her verified petition the original receipts or vouchers showing payment of these respective items, with one or two exceptions in the case of small amounts.

Under Section 8, Paragraph a, of the Workmen's Compensation Act, claimant is entitled to such care as is reasonably required to relieve her of the effects of the injury. It appears from the record that the services claimed were necessary and that the charges therefor were reasonable and just. There is nothing to indicate that the claimant is malingering. The court, however, reserves for future determination claimant's need for further medical, surgical, and hospital services.

An award is therefore made to the claimant for medical and hospital expenses from October 22, 1940, to January 1, 1942, in the sum of $1,129.82, all of which is accrued and is payable at the present time.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act